484 P.2d 160

Wayne OBRAY, Plaintiff and Appellant,

v.

Wesley G. MALMBERG, Sheriff of Cache County, and Darius Carter, Deputy Sheriff of Cache County, Defendants and Respondents.

No. 12284.

Supreme Court of Utah.

April 20, 1971.

Byron L. Stubbs, Salt Lake City, for plaintiff-appellant.

**18**

George W. Preston, Logan, Allan L. Larson, Salt Lake City, for defendants-respondents.

HENRIOD, Justice:

Appeal from a judgment dismissing a complaint alleging that defendant sheriffs 1) wilfully and wantonly failed to investigate a burglary of plaintiff's store in Paradise, Utah, for which plaintiff claims compensatory and punitive damages, and 2) for removal of defendants from office. Affirmed, with costs to defendants.

The dismissal was based on the allegations set forth in the complaint. No evidence was adduced, although plaintiff took nine printed pages in his brief to recite facts dehors the record, and hence not subject to review here,—although we can report that they would still be vulnerable to the dismissal were they taken as true.

Plaintiff does not claim damages for the property stolen, but for the cost of investigating for the purpose of defending a suit brought against him by one of the suspected, but not proven, burglars who was injured when the plaintiff shot him on the night of the burglary.

1. Title 17–22, Secs. 2 and 15, Utah Code Annotated 1953.

2. Title 78–12–28, U.C.A.1953 (act or omission of sheriff in his official capacity: two years).

■ As to 2) above: The urgence for removal from office is sterile, since such removal is based on legislation [1] which plaintiff did not pursue.

■ As to 1) above, re: wilful and wanton failure to investigate: The defendants pleaded as a defense the statute of limitations.[2] Plaintiff's only points on appeal are directed to such defense, on the contended grounds that the statute a) does not begin to run until the sheriff has a reasonable time to perform his duties, b) that his failure to investigate is a continuing tort, and c) the statute won't start to run until there is actual damage.

It is obvious that b) cannot live with a) above, and equally obvious that if there were never an investigation, the statute would never run,—which seemingly would pay homage to the absurd.[3]

As to a): Assuming arguendo that this point might have some merit, the complaint shows that the suit was filed two years and four months after the burglary, and fairly it can be said that four months would be a reasonable time within which the statute, as a matter of law, would start running,—particularly in Paradise, where a burglary in fact or fantasy likely would not occur,

3. See Indus. Chrome Plating Co. v. North, 175 Or. 351, 153 P.2d 835 (1944).

—but did. There is another reason, however, for rejecting plaintiff's urgence. Our sister states in this area generally adhere to the principle that in this type of case the statutory clock starts running at the time a public official initially and wrongfully fails in his official duty.[4] Plaintiff cites no case to the contrary.

■ As to c) above, that the statute does not start running until damage occurs: The contention may or may not have merit in certain types of negligence, such as where undetectible damages result from surgery, etc., reflected in a case[5] upon which plaintiff heavily relies, having to do with a foreign object left in the body,—but having no application to a case of a wilful, intentional tort, where damages need not be shown except nominally.

■ Aside from plaintiff's points on appeal which we think are not dispositive, we believe that defendants' contention that failure by a public sheriff to investigate a crime claimed by an individual to have been committed, ordinarily is a matter of judgment and discretion,[6] not actionable or compensable, and not pursuable by an individual since the public official's duty is to the public,[7]—he being accountable to and removable in a proper proceeding, by the public.[8]

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

---

4. People, to Use of Federal Land Bank of Wichita, etc. v. Ginn, 106 Colo. 417, 106 P.2d 479 (1940) ; Indus. Chrome Plating Co. v. North, supra.

5. Christiansen v. Rees, 20 Utah 2d 199, 436 P.2d 435 (1968).

6. Sheffield v. Turner, 21 Utah 2d 314, 445 P.2d 367 (1968).

7. Massengill v. Yuma Co., 104 Ariz. 518, 456 P.2d 376 (1969) ; Jacobson v. McMillan, 64 Idaho 351, 132 P.2d 773 (1943) ; 2 Cooley, Torts (3d Ed.), 756.

8. Jacobson v. McMillan, supra.