503 P.2d 144

**ANDERSON INVESTMENT CORPORA-TION, Plaintiff and Appellant,**

**v.**

**STATE of Utah et al., Defendants and Respondents.**

**No. 12832.**

Supreme Court of Utah.

Nov. 9, 1972.

Crockett, J., filed concurring opinion, but disagreed in part.

Henriod, J., filed concurring opinion, in which Ellett, J., concurred.

2. See Smith v. De Niro, 28 Utah 2d 259, 501 P.2d 265 (1972).

McKay, Burton, McMurray & Thurman, Wilford M. Burton, Steven R. McMurray, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Mark A. Madsen, Donald S. Coleman, Asst. Attys. Gen., Elliott Lee Pratt, Salt Lake City, (for Weyher Const.), for defendants-respondents.

ELLETT, Justice:

Anderson appeals from a ruling of the trial court dismissing its complaint for failure to state a claim.

The plaintiff owns some land on the southeast corner of the intersection of North Temple and Third West Streets in Salt Lake City. Third West Street runs north and south on the west side and North Temple Street runs east and west on the north side of the Anderson property. For many years past North Temple Street has crossed some railroad tracks by means of a viaduct commencing on the west side of the intersection in question.

The State Road Commission decided to replace and enlarge the viaduct and in connection therewith planned to make the eastern approach thereof commence on North Temple east of the intersection. The new viaduct was to be entirely within the confines of North Temple Street, so that there was no taking of the Anderson land. In fact, eastbound traffic could leave the viaduct by means of a ramp and reach street level at the intersection in question and then proceed on a section of the street 15 feet wide between the south edge of the new viaduct and the curb on the south side of the street. This lane was reserved for eastbound traffic and afforded access to appellant's property. A lane.

for westbound traffic not entering the viaduct was also reserved on the north side of North Temple Street.

The viaduct was to have a height of 8½ feet at the eastern line and 23⅓ feet at the western line of the Anderson property.

The damage to appellant seems to be that its westbound customers would not be able to cut across the lanes for eastbound traffic to enter its premises but would be required to make an "U" turn under the viaduct near the intersection in order to make that entry.

However, because of the ruling of this court in the case of Springville Banking Co. v. Burton[1] holding that such damages could not be recovered, the appellant claims that because the center of the street to the north of its property has been elevated by the new viaduct there has been a taking of its property, to wit: a diminution of its easements of light, air, view, and access. By this suit it sought to enjoin the State Road Commission, the individual members thereof, and the contractor from proceeding with any work on the viaduct until it had been paid appropriate money damages.

Anderson bases its claim on language found in the case of State v. Fourth Judicial District Court.[2] There some land owners, situated similarly to Anderson, brought suit against the State Road Commission to compel it to condemn their easements of light, air, and view. The State Road Commission applied to this court for a writ of prohibition to prevent the trial court from proceeding with the case. There is language in that case which at first reading would seem to support the claim of appellant. However, an analysis of the decision shows that the language is dicta only. There the suit below was to compel the commission to act. This court ruled that the commission was not subject to the suit because of sovereign immunity inasmuch as it was an arm of the State. That was all there was to the decision. However, this court by a three to two decision did not stop there. It said that if the suit had been against the individual members of the commission, it could have been maintained. This was simply dicta, as the individual members of the commission were not parties to the suit.

In the instant suit Anderson did make the individual members of the commission parties defendant. However, they are not bound by the dicta in the State v. Fourth Judicial District Court case. These members in the performance of their duties have the same immunity as does the commission which they constitute.[3]

1. 10 Utah 2d 100, 349 P.2d 157 (1969).

2. 94 Utah 384, 78 P.2d 502 (1937).

3. See the dissenting opinion of Justice Wolfe in the Fourth Judicial District Court case beginning at 94 Utah 406. 78 P.2d 512.

In the case of Sheffield v. Turner [4] this court held:

The anciently established and almost universally recognized general rule which this court has consistently announced and adhered to is that the government, its agencies and officials performing governmental functions are protected by sovereign immunity . . . .

In an earlier case [5] the plaintiff sued the State of Utah, the State Board of Land Commissioners, and the individual members of the board for damages occasioned to his crops by water overflowing from a canal of the defendants. It was there claimed that the individual members of the board were liable even if the State and the board were protected by the doctrine of sovereign immunity. The trial court gave judgment to the plaintiff. In reversing the judgment, this court said:

. . . Respondent's counsel do not in terms contend that an action against the state can be maintained, but what they contend is that this action is not against the state. We cannot conceive how counsel can seriously make such a claim, since the very judgment they seek to uphold requires that it be paid out of the funds belonging exclusively to the state. It is idle to contend that an action is not against the state when it and no one else is held responsible, and its funds are directed to be appropriated in satisfaction of the judgment without even a right to recoup its loss. To say that under such circumstances the action is merely against state officials or state agencies is to ignore the very essence of things. In this case the acts complained of and attributed to appellants were done for and in behalf of the state, and the canal, in part at least, belongs to it, and all of the work was paid for by state funds. The action therefore was in fact against the state in whatever form it may have been commenced, and in the absence of either express constitutional or statutory authority an action against a sovereign state cannot be maintained. . . .

■ Members of a state commission will be liable for their torts if committed not in the course of their official duties to the same extent as will any other person, but here these commissioners were in the performance of their duties in the exercise of the police power of the State to better provide for the orderly flow of traffic upon the highways of this State. They are thus given the same immunity from suit as is given to the State of Utah or to its commissions.

The dicta in the State v. Fourth Judicial District Court case, supra, was not the law,

---

4. 21 Utah 2d 314, 316, 445 P.2d 367, 368 (1968).

5. Wilkinson v. State, et al., 42 Utah 483, 492, 134 P. 626, 630 (1913).

is not the law, and never has been the law of this State.

The appellant also claims that the case of Dooly Block v. Salt Lake Rapid Transit Company [6] is authority for its claim to relief. There Salt Lake City had granted an easement to the defendant to construct a railway in the street in front of the plaintiff's business property. The use was for a private corporation engaged in public services but for financial gain. It thus differed from the instant case.

■ The trial court was correct in dismissing appellant's complaint for failing to state a claim.[7] The judgment is affirmed.

CALLISTER, C. J., and TUCKETT, J., concur.

CROCKETT, Justice (concurring, but disagreeing in part).

I think this case is correctly decided. But I do not join in what impresses me as a too sharp condemnation of the opinion of Judge Hoyt, which opinion was concurred in by Justices Folland and Moffat in the Fourth District Court case (footnote 2 of main opinion).

It seems to me that inasmuch as those respected judges are not here to defend themselves, we should be restrained and circumspect in criticizing or finding fault, and should do so only if both justified and necessary, neither of which exists here.

The main opinion says that Judge Hoyt's decision stated:

> . . . that if the suit had been against the individual members of the Commission, it could have been *maintained*.

To my mind that connotes that the cause of action would have succeeded against the individual road commissioners.

It is submitted that Judge Hoyt's decision does not state that the action could be "maintained," that is, that it could succeed against the individual road commissioners.

Our main opinion herein correctly points out that the actual holding of Judge Hoyt's decision was that the State Road Commission was not subject to suit because of sovereign immunity. That holding was all the

6. 9 Utah 31, 33 P. 229.

7. Even if an action in damages would lie for interference with appellant's easements, a suit to enjoin the construction would not lie. Section 78-34-9, U.C.A. 1953 (1971 Pocket Supplement) now provides that the condemning agency shall deposit at least 75% of its appraised value of the "property sought to be condemned" before entering upon the land to begin the improvement. The statute does not require the deposit unless land is to be taken. The provision in Art. I, § 22, of our Constitution merely provides that private property shall not be taken or damaged for public use without just compensation. It does not require compensation to be paid in advance.

**384**

case could properly stand for, and undoubtedly was all those knowledgeable judges intended it to stand for. However, as is not infrequently done, perhaps out of some feeling of compassion or concern for the plight of the plaintiffs, and their apparent feeling that they were being wronged by arbitrary and high-handed action of the road commissioners in ruining their property, the court made its correct decision and added the emphasized comment:

> In so far as the writ prohibits proceedings . . . against the State Road Commission, the same is made permanent. *This,* however, *should not be construed to forbid proceedings* against individual members of the State Road Commission *in case the plaintiffs* in the injunction suit *ask leave to amend their complaint* so as to make the individual members of the State Road Commission parties defendant. [Emphasis added.]

In my judgment this meant nothing more nor less than that the door was left open so that if the plaintiffs should desire to amend, and thought they were able to state and prove a cause of action against the invidual members of the Road Commission, that possibility should not be precluded. That proposition I firmly believe is sound enough, and is not properly susceptible of the meaning given by the court's decision in this case, that on the basis of the showing made in that case "that if the suit had been against the individual members of the Commission, it could have been maintained."

For the reasons above stated, notwithstanding the admitted desirability of brevity and minimizing conflict in our decisions, I have felt impelled to make these observations as to my reasons for my unwillingness to join in the censure of Judge Hoyt's opinion.

HENRIOD, Justice:

I concur and in doing so do not share the impression of Mr. Justice Crockett that the main opinion too sharply condemned the opinion of Judge Hoyt in a previous case. I think it is a matter of semantics designed to point out that the quoted statement in the opinion penned by Mr. Justice Hoyt was in the nature of dictum and unnecessary in establishing the law of that particular case,—a conclusion with which I agree. I have the highest regard and affection for Judge Hoyt, whose integrity and intellect, in my opinion, are of the highest, and quite unimpeachable,—and I think there is nothing in the opinion that minimizes such conviction, or casts any aspersions on those qualities.

ELLETT, J., concurs in the views expressed by HENRIOD, J.