511 P.2d 1286

**J. Andrew HOLT and Hilma E. Holt, his wife et al., Plaintiffs and Appellants,**

v.

**UTAH STATE ROAD COMMISSION, Defendant and Respondent.**

No. 13186.

Supreme Court of Utah.

July 10, 1973.

Brant H. Wall, Salt Lake City, Phillip L. Foremaster, St. George, for appellants.

Vernon B. Romney, Atty. Gen., Salt Lake City, Robert L. Gardner, Asst. Atty. Gen., Cedar City, for respondent.

CROCKETT, Justice.

Plaintiffs commenced this action to recover damages allegedly caused to their property on the northwest corner of the intersection of 100 South and 1100 East streets in St. George, by the construction of an underpass of highway I–15, which lowered the grade, and impaired access to the property from 100 South Street. The court granted defendant's motion to dismiss. Plaintiffs appeal.

■ There is no taking of property involved in this action. The law has long been established in this State that under those circumstances there can be no recovery from the State for damages because the construction of a highway may impair or adversely affect the convenience of access to property. Sufficient has been said as to the pro and con of this subject that we think it unnecessary and undesirable to

extenuate thereon, but refer to the adjudicated cases.[1]

Plaintiffs do not contest the validity of those cases, but contend that the Governmental Immunity Act, Ch. 139, S.L.U.1965 (codified as Secs. 63–30–1 to 34, U.C.A. 1953) should now be construed as permitting the maintenance of such an action. Reliance is placed specifically on Sec. 63–30–6, U.C.A.1953:

> Immunity from suit of all governmental entities is waived for the recovery of any property real or personal or for the possession thereof or to quiet title thereto, or to foreclose mortgages or other liens thereon or to determine any adverse claim thereon, or secure any adjudication touching any mortgage or other lien said entity may have or claim on the property involved.

█ In considering the possible application of the foregoing statute to the problem presented here it his pertinent to note that Sec. 63–30–3 of the Act expressly provides for the continuance of sovereign immunity "Except as may be otherwise provided in this act . . . for any injury which may result from . . . the exercise . . . of a governmental function." This seems to indicate an intention that the act be strictly applied to preserve sovereign immunity; and to waive it only as clearly expressed therein.[2] It is our opinion that reading Section 6 in the light of that rule,

the waiver of immunity from suit "for the recovery of any property real or personal or for the possession thereof" cannot be construed to include an action of this character to recover damages for inconvenience of access to property, nor as changing the law as set forth in the cases cited herein.

Disposition of this case as set forth above renders it unnecessary to consider other contentions.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and HENRIOD, ELLETT, and TUCKETT, JJ., concur.

---

1. State v. Fourth Dist. Court, 94 Utah 384, 78 P.2d 502; Hjorth v. Whittenburg et al., 121 Utah 324, 241 P.2d 907; Fairclough v. Salt Lake County, 10 Utah 2d 417, 354 P.2d 105; Springville Banking Company v. Burton, 10 Utah 2d 100, 349 P.2d 157; State v. Parker, 13 Utah 2d 65, 368 P.2d 585; Anderson Investment Corp. v. State of Utah, 28 Utah 2d 379, 503 P.2d 144.

2. See Emery v. State, 26 Utah 2d 1, 483 P.2d 1296; Sheffield v. Turner, 21 Utah 2d 314, 445 P.2d 367.