**BAILEY SERVICE & SUPPLY CORPORA-
TION, a corporation, Plaintiff
and Respondent,**

v.

**The STATE of Utah, By and Through its
ROAD COMMISSION, Defend-
ant and Appellant.**

**No. 13857.**

Supreme Court of Utah.

March 25, 1975.

William A. Stegall, Jr., Jerman & Dart, Salt Lake City, for plaintiff and appellant.

Kay M. Lewis, Jensen & Lewis, Salt Lake City, for defendant and respondent.

Vernon B. Romney, Atty. Gen., Mark A. Madsen, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

Charles L. Maak, David A. Greenwood, Ray G. Martineau, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The State appeals from a judgment awarding damages to the plaintiff which arose out of the erection of a viaduct on Fourth South Street in Salt Lake City, Utah.

In the year 1970, the State Road Commission undertook to replace a viaduct on Fourth South Street which spanned the railroad tracks in the vicinity. About the time the street improvements were undertaken and for a number of years prior thereto, plaintiff had owned the warehouse fronting upon Fourth South Street. Access to the warehouse was gained from the south side of Fourth South Street which permitted vehicles to enter the premises and the warehouse. Large trucks were able to maneuver into the warehouse by utilizing the full width of the street in so doing. Erection of the viaduct narrowed Fourth South Street to such an extent that large trucks could no longer maneuver into the warehouse from the street even though smaller trucks and vehicles could. Plaintiff filed these proceedings seeking compensation upon the theory that the State's action in limiting the access to the warehouse by the construction was a "taking" of a property right incidental to its ownership.

■ Early in the proceedings the State Road Commission entered into a stipulation with the plaintiff which purported to waive governmental immunity. The stipulation was disavowed, and the State defended on the ground that the State was immune from suit. Only the legislature can waive sovereign immunity and the Road Commission's attempt to do so was

without legal effect. The trial court did not base is decision upon the ground that governmental immunity had been waived but rather upon the court's determination that there was a "taking" by reason of the interference with the right of access.

■ It is generally held that an abutting property owner has an easement of access, light and air. In this case if there were a taking it must have resulted solely from an interference with the plaintiff's right of access as the viaduct was constructed entirely upon the public right-of-way. Relative rights of the public and abutting owners when the public owns the fee have been before this court a number of times. The precise issue to be determined in this case is whether or not the building of the viaduct which prevents the use of the entire width of the street to maneuver large trucks into the plaintiff's warehouse is such an interference as would amount to a taking.

Prior decisions of this court have established the principle that there can be no recovery from the State for damages where the construction of the highway or the erection of structures within the public right-of-way impair or adversely affect the convenience of access to the property of an abutting owner. The recent case of Anderson Investment Corp. v. State of Utah[1] dealt with a similar situation where the State also built a viaduct entirely upon the public right-of-way which interfered to some extent with the plaintiff's right of egress and ingress to its property abutting on the street. Likewise in the case of Springville Banking Co. v. Burton[2] where the construction of an island along the center line of the street impaired ingress and egress to and from the plaintiff's property. In both of these cases this court concluded that the impairment of access to an owner's premises was not a taking. To the same effect is Holt v. Utah State Road Commission.[3]

1. 28 Utah 2d 379, 503 P.2d 144.

2. 10 Utah 2d 100, 349 P.2d 157.

3. 30 Utah 2d 4, 511 P.2d 1286.

In view of our prior decisions we conclude in this case that there was not a taking and the decision of the court below must be reversed. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.