**Glenn DIAMOND, Cleophus Moore, and Alvin Clayborne, Petitioners-Appellees,**

v.

**Glen THOMPSON, Ex-Warden, et al., Respondents-Appellants.**

No. 74–3603.

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1975.

(4) has been adjudicated as a mental defective or has been committed to any mental institution. . . ."

8. *See* footnote 5, *supra.*

William J. Baxley, Atty. Gen., William M. Bowen, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondents-appellants.

Wendell R. Morgan, Montgomery, Ala. (Court appointed—not under Act), for petitioners-appellees.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

Inmates of the Alabama prison system brought a class action seeking various forms of injunctive relief, including return to some of them of items of personal property which they claimed had been confiscated without cause and without compensation. Defendants are former Warden Glen Thompson, Warden Walter T. Capps, Commissioner of the Alabama Board of Corrections L. B. Sullivan, Deputy Warden B. L. Long, and Captain of Guards G. W. New.[1]

On July 30, 1973, the District Court found that because of disturbances in which they participated plaintiffs were transferred from the prison facilities where they were in prison to administrative segregation in another prison. It found also that plaintiffs were not allowed to take with them personal property which under prison rules they were entitled to have in administrative segregation and that plaintiffs had never received their property. *Diamond v. Thompson*, 364 F.Supp. 659, 668 (M.D. Ala., 1973). On the same date the court granted injunctive relief directed to the named defendants, their agents, successors in office, and all persons acting in concert or in participation with them, including an affirmative order that "the personal property of the Atmore transferees be returned to them forthwith. If it cannot be found, reasonable replacement must be made at the expense of the Prison System."

---

1. In the original proceedings in the District Court there were consolidated cases, *Diamond v. Thompson* and *Lake v. Sullivan*, 364 F.Supp. 659. Thompson is a defendant in *Diamond* but not in *Lake*. The instant appeal relates to only *Diamond*.

The defendants appealed from the decree, plaintiffs cross-appealed, and later the appeal was dismissed on joint motion of the parties. Several months later Alvin Clayborne, Glenn Diamond and Cleophus Moore filed in the *Diamond* case motions the gist of which was that they were members of the class covered by the injunction and that the defendants had not returned all of their property as ordered. Following additional opportunities to return the missing property, and hearings by the court, the court entered judgments against the defendants for the reasonable cash market value of the unreturned property in the respective amounts of Clayborne $337.50, Moore $141.35, and Diamond $68.35. Defendants appeal.

Defendants recognize that prisoners now have a right to sue prison officials for confiscation of their personal property.[2] They attempt to attack the factual basis for the decree entered July 30, 1973. That contention comes too late. It could have been raised on the appeal from that decree, but the appeal was dismissed by agreement of the parties. The judgments now sought to be appealed from are the result of the supplemental proceedings relating to enforcement of the original decree, and there is no substantial contention that the judgments are not supported by the evidence in the supplemental proceedings.

The reference in the decree of July 30, 1973, to the "Prison System" is a nullity. The "Prison System" was not a party, and could not be subjected to a judgment in a case to which it was not a party.[3] This reference to a non-party neither insulates the named individual defendants from their duty to comply with the injunctive order from which no appeal was prosecuted, nor diminishes the scope of their responsibility thereunder.

Affirmed.

2. *See Culp v. Martin*, 471 F.2d 814 (C.A.5, 1973); *Montana v. Harrelson*, 469 F.2d 1091 (C.A.5, 1972).

3. And, if it had been a party, serious § 1983 questions would have been presented.