Roger SCHMITT, Plaintiff and Appellant,

v.

Richard A. BILLINGS, Sam Smith, Utah State Prison, Division of Corrections, Department of Social Services of the State of Utah, and James Bartell, Defendants and Respondents.

No. 16084.

Supreme Court of Utah.

Aug. 24, 1979.

Brian M. Barnard, William W. Downes, Jr., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff, an inmate of the Utah State Prison, initiated this action pro se in the District Court of Salt Lake County to recover $149, which, he claims, is the value of

certain personal property taken into custody by prison personnel when plaintiff was moved from one block in the prison to another, but allegedly never returned to him. The complaint alleges negligence on the part of defendants, but does not raise any issues of express or implied contract. Plaintiff served requests for admissions pursuant to Rule 36,[1] and interrogatories on defendants at the time the complaint was served.

■ Defendants responded to the complaint within six days, by filing a motion to dismiss under Rule 12(b)(6) asserting that the complaint does not state a claim for which relief can be granted, as defendants are immune from suit under Section 63–30–10(10),[2] but did not answer the requests for admissions nor the interrogatories. Two months after service of the requests for admission and before defendants called their motion to dismiss for hearing, plaintiff filed a motion for summary judgment, contending that inasmuch as the time for answering his requests for admissions had expired, the matters contained therein are deemed admitted under Rule 36(a) and there is, therefore, no material fact in dispute, and plaintiff is entitled to judgment as a matter of law. Plaintiff served, with this motion, a notice of the hearing thereon, set for September 5, 1978. Defendants responded by serving a notice of hearing on their motion to dismiss, set for September 8, 1978. At the hearing on plaintiff's motion for summary judgment, (at which defendants and their counsel failed to appear), the District Court denied plaintiff's motion, noting that it could not be acted upon until a determination was made on defendant's motion to dismiss. At the September 8 hearing, the District Court granted defendants' motion, and denied plaintiff's motion for summary judgment. Plaintiff appeals.

1. Reference to Rules are to Utah Rules of Civil Procedure. Statutory references are to Utah Code Annotated, 1953, as amended.

2. As a second ground for their motion, defendants stated that plaintiff had signed a receipt, acknowledging that he had received all of his

property stored in Block C. Such a release would be an affirmative defense and is not a proper ground for a Rule 12(b)(6) motion. The receipt was not submitted to the court and is not a part of the record.

■ Plaintiff first contends that the District Court erred in granting defendant's motion to dismiss, as his cause of action did not "arise out of his incarceration" within the meaning of Section 63–30–10(10). *Madsen v. State,* Utah, 583 P.2d 92 (1978) is controlling here. We there held that the plain meaning of Section 60–30–10(10) reflected a legislative intent to retain immunity for governmental entities for any injuries occurring while the incarcerated person is in prison and under the control of the State, but that the Governmental Immunity Act did not affect consideration of the liability of individual defendants for their own torts.

■ Plaintiff next contends that the District Court erred in denying his motion for summary judgment as against the individual defendants, as their liability is established by the facts deemed admitted by their failure to respond to plaintiff's requests for admissions under Rule 36, and relies on *W.W. & W.B. Gardner, Inc. v. Park West Village, Inc.,* Utah, 568 P.2d 734 (1977).

Rule 36(a), in relevant part, provides:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him .  .

And Rule 36(b) provides:

Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  .  .  .

More than 45 days had expired prior to the time plaintiff moved for summary judgment, and defendants have not responded to the requests, nor have they moved to withdraw or amend their admissions. Defendants have therefore admitted the matters contained in plaintiff's requests for admissions, which include: that plaintiff was lawfully possessed of personal property; that defendants caused him to be dispossessed of his property; that Defendants Bartell and Billings were responsible for plaintiff's personal property; that they were under the supervision of Defendant Sam Smith; that plaintiff lost his personal property; that said loss was due to defendants' negligence; and that plaintiff was damaged in the amount of $149.

■ Defendants argue that plaintiff is not entitled to summary judgment, but is entitled only to the sanctions provided by Rule 37(c), which provides:

(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a) or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

Prior to 1972, this Rule pertained only to those parties who filed a sworn denial in response to requests for admissions. On March 29, 1972, this Court amended the Rule to correspond to a change made in the Federal Rules of Civil Procedure in 1970. The notes of the advisory committee, in proposing this modification of the federal rule, state that Rule 37(c) as then written addressed itself in terms only to a sworn denial and was silent with respect to the

statement of reasons for an inability to admit or deny. The committee stated:

> There is no apparent basis for this distinction; since the sanction provided in Rule 37(c) should deter all unjustified failures to admit.[3]

It is clear that the sanctions of Rule 37(c) apply only to parties who unjustifiably fail to admit facts, but who nevertheless have responded to the request. By failing to respond to the requests, the facts are admitted under Rule 36(a), and the provisions of Rule 37(c) do not apply.

The concurring opinion suggests that filing answers to interrogatories while a motion to dismiss is pending is an exercise in futility. While we are not here concerned with failure to answer interrogatories, which is governed by Rules other than the one here under consideration, it is nevertheless appropriate to observe that suspension of discovery until a motion to dismiss is heard not only results in delay, but also may be prejudicial to the non-moving party.[4]

We are not here involved with imposition of sanctions for dilatory action, but with a provision of Rule 36 which provides that all matters are conclusively established as true if there is no response to requests for admissions.

Defendants filed their motion to dismiss within six days of the service of the complaint. There was thus ample time to hear their motion prior to the expiration of the 45 days in which they were required to respond to the requests. They did not call the motion for hearing. Neither did they apply to the Court for an extension of time in which to respond, as would be permissible under Rule 36(a), nor move to amend or withdraw their admissions pursuant to Rule 36(b). There is nothing in the record which would excuse defendants from the effects of Rule 36(b).

As defendants have admitted all of the facts noted *supra,* there remains no litigable issue, and plaintiff is entitled to judgment against the individual defendants in the amount of $149.

The judgment of the District Court is affirmed with respect to the Utah State Prison, Division of Corrections and the Department of Social Services of the State of Utah, and reversed as to the individual defendants, and this case is remanded for entry of judgment in favor of plaintiff and against defendant in the amount of $149.00. No costs awarded.

MAUGHAN, HALL and STEWART, JJ., concur.

CROCKETT, Chief Justice: (Concurring in remand, but urging further proceedings, rather than entry of judgment for plaintiff.)

I am in agreement that the judgment should be vacated. But I see the problem as falling within a different section of the Waiver of Immunity Act,[1] and I think that

---

3. Notes of Advisory Committee on Rules, 28 U.S.C.A., Fed. Rules of Civ.Proc., Rule 37, 1979 Pocket Supp. p. 64.

4. See *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887 (2d Cir., 1976), in which the Court held that it was error for the District Court to order a suspension of discovery until after a motion to dismiss was heard, since further discovery might have aided the non-moving party to discover sufficient facts to save the complaint from dismissal. And in *Miller v. Alexander,* 25 F.R.Serv.2d 1040 (D.C.1977), where the plaintiff was denied discovery the Court held that affidavits and documents submitted by defendant to support his motion to dismiss could not be considered since the plaintiff had been precluded from discovering facts which might have impeached them.

1. Sec. 63–30–5, U.C.A.1953. Though I disagree with the holding of *Madsen v. State,* Utah, 583 P.2d 92 relied on in the main opinion, I recognize that that three to two decision is now the law of this state. To avoid extended and repetitious discussion, I refer to the dissenting opinion therein and to the cases of *Sheffield v. Turner,* 21 Utah 2d 314, 445 P.2d 367, and *Obray v. Malmberg,* 26 Utah 2d 17, 484 P.2d 160. Therein is explained the necessity and desirability of affording sovereign immunity both to public officials, and to those who assist them, in the good faith performance of their duties, and the invidious discrimination which results from allowing that protection to the former and not to the latter. However, from what is said herein, I do not see the instant case as involving that problem.

the interests of justice require that the case be remanded for trial, rather than for entry of judgment for the plaintiff.

As noted in the majority opinion, the defendants filed a motion to dismiss six days after the complaint was filed. In their memorandum in support of that motion, the position asserted by the defendants was that at a hearing before the Prison Grievance Committee they presented a receipt for his property signed by the plaintiff. Thereafter, the plaintiff himself filed a motion for summary judgment. While any such motions (particularly defendants' motion to dismiss) remained pending, and until ruled upon by the court, the defendants would have no way of knowing whether their motion to dismiss would be granted and thus obviate any purpose in responding to the requests for admissions or answering interrogatories.[2] On the other hand, only if their motion had been denied would there have been any useful purpose served in filing such answers. Further, when the court finally did grant their motion to dismiss, it would then have been but an exercise in futility to file the answers.

I am unable to agree with trial court's the dismissal of the action on the ground of sovereign immunity. It is undoubtedly true that prisoners are under some restrictions resulting from their self-caused incarceration and should not be afforded any undue advantages in bringing suits against the authorities charged with the responsibility of their incarceration.[3] Nevertheless, they should be dealt with fairly and honestly; and when they deliver personal property to prison authorities for safe keeping, the latter should discharge that responsibility, or to make due accounting therefor.[4] In such situations, even if there is not an express promise made to return the valuables, there arises an implied contract to do so. Section 63–30–5, U.C.A. 1953, provides that immunity is waived " . . . as to any contractual obligation and actions arising out of contractual rights or obligations shall not be subject to [the procedural requirements of the act] . . . ." Consequently, inasmuch as plaintiff's claim for recovery is grounded upon contractual rights, it should be maintainable under that section.

Notwithstanding that conclusion, it seems to me that the main opinion deals with the defendants unfairly and that there may well be a miscarriage of justice in ordering judgment entered against them without affording them an opportunity to proceed with their defense. Now this Court has determined that the trial court was in error in dismissing the action, the case is not ripe for summary disposition on either side, because there exists a dispute as to the essential issues which must be resolved in order to arrive at a proper judgment. I would remand to the district court for that purpose.

---

**2.** See 61 Am.Jur.2d 755 wherein the text states that whether the pendency of a motion extends the time for further pleading or other action in a case depends upon the purpose or character of the motion. If the motion challenges the jurisdiction of the court, or otherwise affects the right of the plaintiff to proceed, the time should be extended until the court rules thereon.

**3.** See statement in *Whisnant v. Byrd,* Tenn., 525 S.W.2d 152.

**4.** As to recognition of the right of prisoners to sue prison officials for confiscation of their personal property see *Diamond, etc. v. Thompson, etc.,* 523 F.2d 1201 and cases therein cited.