Patrick WILLIAMS, Plaintiff-Appellant,

v.

Larry MORRIS, Samuel Smith, Lt. Caldwell, and Officer Seals, Defendants-Appellees.

No. 81–2361.

United States Court of Appeals, Tenth Circuit.

Dec. 6, 1982.

---

Patrick Williams, pro se.

Douglas C. Richards, Asst. Atty. Gen., the State of Utah, Salt Lake City, Utah, for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the federal district court dismissing Patrick Williams' section 1983 [1] action as frivolous under 28 U.S.C. § 1915(d). [2] Mr. Williams alleged that prison employees had negligently lost some of his property that they had stored in the prison where he was incarcerated, thus depriving him of property without due process of law in violation of the fourteenth amendment.

■ To state a cause of action under section 1983 for a deprivation of property in violation of the fourteenth amendment, Mr. Williams must allege that he was deprived of property through state action [3] without

---

1. Section 1983 provides in part as follows:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
    42 U.S.C. § 1983 Supp. IV 1980.

2. Mr. Williams, a prison inmate, was proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 (1976 & Supp. IV 1980).

3. Section 1983 provides a remedy only for acts "under color" of state law. The Supreme Court recently held in *Lugar v. Edmondson Oil Co.,* —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), that "state action" for purposes of the fourteenth amendment is a subset of action "under color" of state law under § 1983. *Id.* 102 S.Ct. at 2753 & n. 18. Hence, if there is state action, it is unnecessary to make indepen-

due process. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt,* the Supreme Court held that a prisoner is deprived of property through state action when prison personnel negligently lose or destroy his property. *Id.* at 536–37, 101 S.Ct. at 1913–14. As for the due process element, however, the Court held that while due process generally requires a predeprivation hearing, "the impracticality of providing any meaningful predeprivation process can, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, satisfy the requirements of procedural due process." *Id.* at 539, 101 S.Ct. at 1915 (footnote omitted).

█ In the instant case, since the state could not have predicted the negligent loss of Mr. Williams' property, it could not practically have provided a meaningful predeprivation hearing. *Id.* at 541, 101 S.Ct. at 1916. Thus, none was required.

█ In considering whether the State had provided Mr. Williams a meaningful postdeprivation remedy, the district court found that Mr. Williams had no cause of action under Utah law, but that a grievance procedure by which an inmate can seek compensation for lost property provided due process.[4] Mr. Williams availed himself of the procedure and received partial relief. While the procedure provided a meaningful remedy for some of his claims, others were denied simply because he had not listed the allegedly lost items in his property book. For the claims for which it was used, this conclusive presumption renders the precedure of dubious constitutional sufficiency. *See Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). The prisoner must have a chance to prove that he suffered a loss.

█ We need not rule on the use of the conclusive presumption, however, because we find that Mr. Williams had an adequate post-deprivation remedy in the state courts. Under Utah common law, a state employee is liable for torts he commits in the scope of employment, *Madsen v. State,* 583 P.2d 92 (Utah 1978), except for those he commits while performing discretionary (as opposed to ministerial) functions, *Frank v. State,* 613 P.2d 517 (Utah 1980).[5]

Although Mr. Williams could not proceed in court against the State, the warden, or other supervisors, *Sheffield v. Turner,* 21 Utah 2d 314, 445 P.2d 367 (Utah 1968), he could proceed against those prison employees whose alleged negligence caused the loss he claims, since their acts in moving and storing the property were merely ministerial. *Schmitt v. Billings,* 600 P.2d 516, 518 (Utah 1979). *See also Frank v. State,* 613 P.2d at 519–20. Thus, the State has provided Mr. Williams with a postdeprivation remedy by which he can seek redress for the alleged loss. The State remedy could have fully compensated Mr. Williams for his loss, and its availability satisfies the requirements of due process. *Parratt v. Taylor,* 451 U.S. at 544, 101 S.Ct. at 1917.

Accordingly, we conclude that Mr. Williams has not stated a claim actionable under section 1983, and we affirm the district court's dismissal of his complaint.

AFFIRMED.

dent inquiry whether the acts were "under color" of state law.

4. The procedure requires an investigation and written resolution by a prison program director. A dissatisfied inmate may appeal the director's decision to the prison warden who must then conduct another investigation and issue another written decision. If the prisoner remains unappeased, he may appeal to the Director of the Division of Corrections, who is required to investigate the grievance and resolve it promptly. The procedure does not provide an open hearing with an opportunity for cross-examination. Nevertheless, the district court found that each inmate is given an opportunity to present his case personally to the investigator. Utah State Prison Regulation No. 16–22.

5. The Utah Governmental Immunity Act retains sovereign immunity for negligently caused injuries "arising out of the incarceration of any person in any state prison . . . ." Utah Code Ann. § 63–30–10. The Act does not extend to employees of the state. *Madsen v. State,* 583 P.2d 92 (Utah 1978).