**Ronald Dean LANCASTER, Plaintiff and Appellant,**

v.

**UTAH STATE PRISON, Eldon Barnes, Robert Steele, Betty Johnson, Dale Johnson, Savogran Company, and unnamed defendants 1 through 20, Defendants and Respondents.**

No. 860266.

Supreme Court of Utah.

July 22, 1987.

Ronald Dean Lancaster, pro se.

David Wilkinson, Brent A. Burnett, Salt Lake City, for defendants and respondents.

*Memorandum of Decision*

PER CURIAM:

By his complaint, plaintiff sought damages from the State of Utah and the individual prison officers for injuries he received in a fire at the Utah State Prison where plaintiff is lawfully incarcerated. Plaintiff also sued Savogran Company on a products liability theory but that defendant was never served with process. The district court dismissed the State of Utah, the Utah State Prison, and the individual defendants, all of whom are employees at the prison, and plaintiff has appealed from that order. We find no error.

Under the Utah Governmental Immunity Act, Utah Code Ann. § 63–30–10(1)(j), immunity is specifically retained by the government for any injury which "arises out of the incarceration of any person in any state prison." We have held that this immunity applies in a wrongful death suit, *Madsen v. State*, 583 P.2d 92 (Utah 1978), and for loss of personal property, *Schmitt v. Billings*, 600 P.2d 516 (Utah 1979). The district court was not in error in applying the statute here, where plaintiff alleges personal injuries. In addition, under Utah Code Ann. § 63–30–4, the employees of the prison may be sued in a representative capacity only when the governmental entity may be liable, and such employees may be sued in a personal capacity only if they acted with fraud or malice. Because the State of Utah has retained immunity, and plaintiff did not allege malice or fraud on the part of the individual defendants, the complaint was properly dismissed as to the employees.

All other issues raised by plaintiff in this appeal were not raised before the district court, and we therefore decline to discuss them. *Interlake Co. v. Von Hake*, 697 P.2d 238 (Utah 1985); *Berrett v. Stevens*, 690 P.2d 553 (Utah 1984); *Allred v. Smith*, 674 P.2d 99 (Utah 1983).

Affirmed.