83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard MEARS, Plaintiff-Appellant,
v.
John THOMAS, Warden; Viola Serrano, Library Supervisor;
Attorney General of the State of New Mexico;
Penny Smith, Accounts Supervisor,
Defendants-Appellees.
 No. 94-2270.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1996.
 
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,** District Judge.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Richard E. Mears, appearing pro se, appeals the district court's order granting summary judgment to defendants on his amended complaint brought pursuant to 42 U.S.C.1983 alleging his constitutional rights were violated during his incarceration in a New Mexico prison. We affirm.
 
 
 3
 Construing pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c), Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir.1995). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 4
 Mr. Mears was a Kansas prisoner transferred to a New Mexico prison under the Interstate Corrections Compact, N.M. Stat. Ann. 31-5-17 (Michie 1984). After this case was filed, he was transferred back to a Kansas prison. His first claim is based on the New Mexico prison policy providing inmates with twenty-five free copies of legal materials per month, and charging ten cents each for additional copies plus an administrative fee of $2.50. Kansas inmates receive unlimited free legal copies. Mr. Mears asserts that because he was a Kansas prisoner, he was entitled to the same privileges as he would have had if he had remained in a Kansas prison. Mr. Mears relies on language from the Interstate Compact providing that "[t]he fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." Id. 31-5-17, art. 4, p (E). The compact also states that transferred inmates shall be treated equally with similar inmates confined in the receiving state, New Mexico. Id. The district court held that Mr. Mears' claim for unlimited free copies was not cognizable under 1983.
 
 
 5
 "To state a valid cause of action under 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir.1994)(quotation omitted). A prisoner does not have a constitutional right to unlimited free photocopies. Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir.1980). Even if the compact's provision for preservation of a transferred inmate's legal rights includes unlimited free photocopies, a question we do not decide, Mr. Mears' claim does not state a cause of action under 1983. "[A] violation of state law alone does not give rise to a federal cause of action under 1983." Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir.1994). Accordingly, summary judgment was appropriate.
 
 
 6
 We next address Mr. Mears' allegation that he was deprived of his due process rights when prison officials debited his prison account for copies he requested in excess of the twenty-five free copies per month. On appeal, he claims he did not authorize prison officials to debit his account, although his amended complaint reflects that he signed an authorization for the debits. He alleges he did so in order for the Kansas prison system to be billed for the copies. See amended complaint, R. vol. I, doc. 33 at 4(B). Either way, he has failed to demonstrate that he pursued postdeprivation grievance procedures or that those procedures did not meet constitutional standards. See Williams v. Morris, 697 F.2d 1349, 1351 (10th Cir.1982)(no due process violation where prison grievance procedure provided meaningful remedy); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984)("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); Al-Ra'id v. Ingle, 69 F.3d 28, 32 (5th Cir.1995)(prisoner's procedural due process claim denied because prison grievance procedure provided adequate postdeprivation remedies). Therefore, we find no reversible error in the district court's order dismissing this claim.
 
 
 7
 Mr. Mears claims that the photocopy policy and harassment by prison library staff denied him his constitutional right of access to the courts, and he challenges the district court's conclusion that it is constitutionally permissible to require indigent litigants, including prisoners, to choose between purchasing photocopies and other items. He also alleges that the New Mexico prison's photocopy policy was imposed on him on the basis of his race, white, and in retaliation for his filing administrative complaints and legal actions against prison officials.
 
 
 8
 A prisoner's constitutional right of access to the courts is clearly established. Nordgren v. Milliken, 762 F.2d 851, 853 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). Prison officials may not retaliate against an inmate for exercising his right of access to the courts. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994). He must show, however, that any denial or delay of access to the court prejudiced him in pursuing litigation. Treff v. Galetka, 74 F.3d 191, 194 (10th Cir.1996).
 
 
 9
 Mr. Mears does not dispute that he was provided twenty-five free photocopies per month, pursuant to the New Mexico prison policy. He also concedes that additional copies were available at ten cents per copy plus a small administrative fee. Although he claims he was prejudiced by the prison copy policy, Mr. Mears has not demonstrated that he has been prejudiced in pursuing litigation. Moreover, "[r]easonable regulations are necessary to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse." Harrell, 621 F.2d at 1061. We conclude that application of the New Mexico prison photocopy policy to Mr. Mears does not support a claim of denial of access to the courts.
 
 
 10
 Mr. Mears' allegations that the prison law library staff harassed him do not state a constitutional claim cognizable under 1983. See Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir.1993)(allegations that defendants threatened to kill plaintiff do not, by themselves, state 1983 claim). His assertion that he knows of no Hispanic prisoner who has been required to pay for copies is too vague to withstand summary judgment. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)(petitioner, even if pro se, must allege sufficient facts about material events); Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989)(specific allegations required to state a claim of constitutional violation), cert. denied, 493 U.S. 1059 (1990).
 
 
 11
 Mr. Mears also claims his right of access to the courts was abridged because New Mexico prison authorities failed to provide him with all of the Kansas law he required in order to pursue litigation arising from his Kansas conviction. "In the context of denial of access claims, the general rule imposes upon the sending state authorities the responsibility for ensuring their prisoners incarcerated in sister state facilities are afforded access to state courts." Clayton v. Tansy, 26 F.3d 980, 982 (10th Cir.1993). Therefore, Mr. Mears' claims against New Mexico prison officials were properly denied, although for reasons other than those stated by the district court. See Swoboda, 992 F.2d at 291 (appellate court can affirm the district court's judgment for reasons other than those relied on by the district court).
 
 
 12
 Mr. Mears next complains that the district court erred in finding that his access to the courts was not impeded by the prison's confiscation of his typewriter with memory capacity. In fact, the district court denied Mr. Mears permission to include this claim in the amended complaint. Therefore, we will construe this argument as a claim of error for denying permission to amend the complaint, which we review for an abuse of discretion. See Noland v. McAdoo, 39 F.3d 269, 273 (10th Cir.1994)(grant or denial of leave to amend complaint reviewed for abuse of discretion). The district court denied leave to include this claim because it was the subject of another pending lawsuit, Mears v. State of New Mexico, No. CIV-94-0095 JB/DJS, a finding Mr. Mears does not challenge. We find no abuse of discretion in the district court's decision to avoid duplicative litigation of this claim by denying leave to include it here.
 
 
 13
 We next address Mr. Mears' challenge to the district court's order denying his request for injunctive relief. "A denial of injunctive relief is reviewed under an abuse of discretion standard." Green v. Johnson, 977 F.2d 1383, 1388 (10th Cir.1992). The district court correctly determined that Mr. Mears' request for an injunction against the New Mexico prison authorities was moot because Mr. Mears had been transferred out of that prison system and was not expected to return. See Facio v. Jones, 929 F.2d 541, 544 (10th Cir.1991)( 1983 plaintiff cannot maintain injunctive action unless he "can demonstrate a good chance of being likewise injured in the future").
 
 
 14
 Mr. Mears also complains that the district court erred in refusing to appoint counsel for him. We review for an abuse of discretion the trial court's decision not to appoint counsel in a civil case. Shabazz, 14 F.3d at 535. Here, the record reflects that Mr. Mears is capable of presenting his case intelligently and coherently, and that he had little chance of prevailing on the merits even if counsel had been appointed. See, e.g., Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995).
 
 
 15
 We turn to Mr. Mears' contention that summary judgment was inappropriate because he did not have an opportunity "to discover information relating to the claims or defense of any party...." Appellant's Brief at 9. Even if Mr. Mears had presented this issue to the district court, his statement of the materials to be discovered is inadequate to invoke the protection of Fed.R.Civ.P. 56(f) to resist summary judgment. See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554 (10th Cir.1993)(party requesting additional discovery time must specify how additional time will enable movant to oppose summary judgment; mere assertion that specific facts are unavailable is insufficient).
 
 
 16
 Mr. Mears' motion to dismiss defendants' attorney on the ground that she was named as a defendant in the amended complaint is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3