Julie WHITE, Plaintiff and Appellant,

v.

STATE of Utah et al., Defendants and Respondents.

No. 15340.

Supreme Court of Utah.

May 5, 1978.

Gordon J. Low of Hillyard, Gunnell & Low, Logan, for plaintiff and appellant.

Robert B. Hansen, Atty Gen., Harry E. McCoy II, Sp. Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

Appellant is appealing from an order of dismissal from the First District Court, Cache County, issued on June 9, 1977. Appellant was employed at the Del Monte Corporation's vegetable cannery in Smithfield, Utah. On September 13, 1975, appellant was injured while working with the machinery there. She sued for various damages (the detail of which is not material in view of our disposition of this appeal) alleged to have resulted through the failure of the respondent to seek relief under U.C. A.1953, 35–9–13.[1] Appellant claimed that respondent was aware, or should have been aware by inspection, of several violations of the safety regulations of the Utah Occupational Health and Safety Act, 1973, (UOSHA) present at the Del Monte cannery.[2] Appellant has alleged that respondent arbitrarily or capriciously failed to seek relief as provided; therefore, appellant is allowed to bring an action against respondent for "further appropriate relief."[3]

The district court found that the government had not waived its right to governmental immunity in discharging its function under 35–9–13 and that this section does not provide a remedy to sue the state. The

---

1. See U.C.A.1953, 35–9–13.

2. Parts 182.1.1 and 182.1.2, 555.1.1, (OSHA) Rules and Regulations and Sections 10.1, 30.1,

30.5, 83.1.1–83.1.2 of the General Safety Orders of the Industrial Commission of Utah.

3. U.C.A.1953, 35–9–13(d).

court further found that the Occupational Safety Health Act does not provide a route through which liability is extended to the state.

Legislatures have followed three basic patterns in defining tort liabilities of public entities: (1) retention of general immunity with specific statutory exemptions; (2) recognition of general tort liability with limitations as to the amount of damage and (3) recognition of general tort liability with specific statutory exceptions.[4]

U.C.A.1953, 63–30–3, the Utah Governmental Immunity Act, has adopted the first pattern which generally preserves governmental immunity.[5] In *Holt v. Utah State Road Commission*,[6] the Court said governmental immunity is waived only where it is clearly expressed in the statute.

■ A distinction in liability can be made between governmental activities that are termed "governmental" and those that are termed "proprietary" or private in nature. This Court said in *Greenhalgh v. Payson City*, that "proprietary functions are not within the coverage of the Utah Governmental Immunity Act."[7] We then suggested various factors that can be used to decide whether or not an activity is governmental or proprietary. A primary factor is if the activity is one generally regarded as a public responsibility, something done for the general public good. Other factors are whether or not there is any special pecuniary benefit to the City; and, also, whether or not the activity is of such a nature as to be in competition with free enterprise.[8]

■ The mere fact that a municipality voluntarily assumes performance of an act or function does not render it liable for injuries resulting from its acts and omissions.[9]

■ U.C.A.1953, 63–30–10(1) through (11) sets up several exceptions for waiver of immunity by the government when being sued for its negligent acts by an employee. Two that pertain here are that if the injury:

(1) arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused, or

\* \* \* \* \* \*

(4) arises out of a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property, or  .  .  .

The statute in question here, U.C.A.1953, 35–9–13(d) states:

(d) if the administrator [the Industrial Commission] arbitrarily or capriciously fails to seek relief under this section, any employee who may be injured by reason of such failure or the representative of such employees may bring an action against the administration in the district court of the county in which the imminent danger is alleged to exist or the employer has its principal office, *for a writ of mandamus and for further appropriate relief.* [Emphasis added.]

The language of this statute does not give a clear expression that immunity is to be waived such as *Holt, supra*, requires. There is nothing to indicate that the legislature intended the Utah State Industrial Commission to be faced with a suit for damages of this type. The only remedy that can be sought is a writ of mandamus or other similar forms of relief.

■ Appellants have failed to show that the Industrial Commission's undertaking

---

4.  Van Alystyne, Governmental Tort Liability, A Decade of Change, 1966, Ill.L.F. 919.

5.  U.C.A.1953, 63–30–3, Immunity of Governmental entities from suit—Except as may be otherwise provided in this act, all governmental entities shall be immune from suit for any injury which may result from the activities of said entities wherein said entity is engaged in the exercise and discharge of a governmental function.

6.  30 Utah 2d 4, 511 P.2d 1286 (1973).

7.  *Greenhalgh v. Payson City*, Utah, 530 P.2d 799 (1975).

8.  Id.

9.  *Croft v. Millard County Drainage Dist. No. 1, et al.*, 59 Utah 121, 202 P. 539 (1921); *Lynch v. North Yakima*, 37 Wash. 657, 80 P. 79 (1905).

was a proprietary one. It is clear to us that the Industrial Commission's duty is a governmental one. Although the public is benefited by the actions of the Commission, it is apparent that this is not an obligatory governmental responsibility. The government voluntarily assumed to perform these acts to help the everyday worker.[10] There is no special or pecuniary benefit to the city nor is the Commission's performance of its duties in competition with free enterprise.

The legislature, in setting up the Occupational Safety and Health Division in 1973, had no intention of making it the scapegoat for every industrial accident. This Court, in *Olsen v. State Industrial Commission*,[11] said:

> The citation of statutes and cases pointing up certain safety standards the State must meet, simply do not require the State to have done other than it did to meet the exigencies of the fact here, or to employ untold thousands to police every conceivable project whatever.

Any change in this rule of immunity is to be made by the legislature and not by the courts.[12] Until the legislature clearly expresses that immunity is to be waived in this kind of situation, it is not for this Court to change the existing policy. As it is now, the Commission has been given the discretion to reasonably enforce these rules.[13]

Appellant argues that the trial court erred in dismissing the action when there was another ground upon which relief could have been obtained. In *Burningham v. Ott*,[14] relied upon by appellants, this Court said, "In the light of the modern practice under the Rules of Civil Procedure a trial is not to be by ambush." We went on to say that the evidence one relies on for judgment can and should be known to the opposition.

The trial judge fully performed his duty in applying the law to the material and undisputed facts before him. There was nothing in the record to show that the Industrial Commission had performed a proprietary function, or that the language of U.C.A.1953, 35–9–13(d) made a clear expression that immunity was waived and that a damage suit could be maintained. Appellants cite *King Bros., Inc. v. Utah Kiln Co.*,[15] for the proposition that a judge should be very reluctant to turn a party out of court without a trial. There is nothing on the record, however, to indicate that the trial judge did not balance this factor of conserving the time of the court and in avoiding unnecessary expense to the state and to the litigants. The Order of Dismissal was properly issued.

Judgment affirmed with no costs awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice, concurs in result.

---

10. U.C.A.1953, 35–1–16.

11. Utah, 538 P.2d 1038 (1975).

12. *Ramerez v. Ogden City*, 3 Utah 2d 102, 279 P.2d 463 (1955).

13. U.C.A.1953, 35–9–4, also U.C.A.1953, 63–30–10(1).

14. Utah, 525 P.2d 620 (1974).

15. 13 Utah 2d 339, 374 P.2d 254 (1962).