Cam MORRISON, Plaintiff-Appellant,

v.

SALT LAKE CITY CORPORATION, Salt Lake County, and the State Tax Commission of the State of Utah, Defendant-Respondent.

No. 16102.

Supreme Court of Utah.

Sept. 7, 1979.

Edward K. Brass, Salt Lake City, for plaintiff-appellant.

Roger F. Cutler, City Atty., Theodore L. Cannon, County Atty., Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

WILKINS, Justice:

Plaintiff appeals from summary judgment granted to Defendant State Tax Commission dismissing his complaint, with prejudice, against that defendant. Other defendants were dismissed, and plaintiff does not appeal from those dismissals. All statutory references are to Utah Code Annotated, 1953, as amended.

On March 26, 1977, one Ross Bartley was arrested and the motorcycle he was riding was impounded for improper registration.

A routine check by the Motor Vehicles Division of the State Tax Commission revealed that plaintiff had reported the motorcycle stolen on June 30, 1976. The Division notified the Salt Lake City Police Department that the motorcycle had been recovered, and the police, in turn, notified plaintiff.

In April of 1977, plaintiff went to the impound lot with Officer Lightfoot from the police department and identified the motorcycle as the one which had been stolen from him. Officer Lightfoot inquired in behalf of plaintiff what the conditions were for release of the motorcycle. He was told that the motorcycle was being held in the impound lot as evidence against Bartley in a trial for theft, and that it could only be released with the permission of the Assistant County Attorney for Salt Lake County who was prosecuting Bartley, one John B. Anderson. Officer Lightfoot stated in an affidavit that he instructed the attendant at the impound lot, and also stated to plaintiff, that the motorcycle could not be released without the permission of Anderson. Officer Lightfoot also contacted Lynn Deveraux, who was the official in charge of impounded vehicles at the Division, to see if Deveraux would authorize the release of the motorcycle to plaintiff, but Deveraux said that the motorcycle would not be released until Anderson authorized it. After the preliminary hearing of Bartley's case, Judge Jones informed Lightfoot that the motorcycle could not yet be released, and that only Anderson could authorize its release.

Subsequent to plaintiff's visit to the impound lot in April, 1977, the State Tax Commission, acting through Lynn Deveraux, twice mailed notice to *Bartley* informing him that the motorcycle had been impounded and would be sold if not claimed. On July 14, 1977, notice was mailed to the plaintiff that the motorcycle would be sold August 12, 1977, if not claimed. This notice referred the claimant to Lynn Deveraux with whom Officer Lightfoot had already been in contact concerning plaintiff's motorcycle. The envelope in which this letter was sent has two different addresses typed

thereon, and the letter was returned to the State Tax Commission as undeliverable. The plaintiff never received notice of the pending sale.

Documents authorizing the continued impound of the motorcycle stated that it was not to be released without first contacting Officer Lightfoot or John B. Anderson.

At the conclusion of Bartley's trial and after the release of the motorcycle as evidence by Anderson, plaintiff returned to the impound lot to reclaim his motorcycle. He was informed that the motorcycle had been sold by the State Tax Commission on August 17. Plaintiff then instituted this action against Salt Lake City, Salt Lake County, and the State Tax Commission alleging that the seizure and sale of the motorcycle, after he had made a claim for it, and without notice to plaintiff of the sale, was negligence.

The District Court, after motion by Defendant State Tax Commission, granted summary judgment, and plaintiff appeals therefrom. The defendant on appeal urges affirmance on any one of three grounds for the summary judgment: (1) the vehicle was sold in strict compliance with Sections 41–1–115, 116, 117, and 135; (2) governmental immunity under 63–30–10(1) retains immunity for suits arising out of the exercise of a discretionary function and is a bar to the action; and (3) governmental immunity also bars the action under 63–30–10(8) in that this action arises out of or in connection with the collection of taxes. As the District Court did not specify the ground upon which it relied, all three will be discussed.

■ Sections 63–30–10(1) through (10) contain exceptions to the general waiver of governmental immunity for negligence. The first of these preserves immunity if the injury "arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." A discretionary function has been defined by this Court as one which requires a "basic policy deci-

sion essential to the realization or accomplishment of some basic governmental policy, program, or objective."[1] Any decision which does not require the "exercise of basic policy evaluation, judgment, and expertise"[2] is not discretionary, but operational, and is not protected.

■ Here it cannot be said that the decision to sell this particular motorcycle involved such exercise of "basic policy evaluation" that it can be considered a discretionary decision and hence be protected. Rather, this decision to sell was an operational function, just as the decision in *Carroll* (whether to block an abandoned road by signs or by earthen berms) was operational; and here, as in *Carroll*, the decision is not immune from attack on the basis that it involves a discretionary function.

■ Section 63–30–10(8) preserves governmental immunity for the negligent acts of government employees where the injury "arises out of or in connection with the collection of and assessment of taxes." We recognize that this Court stated in *Holt v. Utah State Road Commission*, 30 Utah 2d 4, 511 P.2d 1286 (1973) that waiver is to be strictly construed so as to preserve immunity. However, reading this section as narrowly as Defendant State Tax Commission requests would protect its every action and emasculate the purpose of the statute. This motorcycle was held as evidence in a prosecution for theft, pursuant to statutes denominated as "Special Anti-Theft Laws." The motorcycle was seized under Section 41–1–115, allowing seizure for improper registration or if the vehicle is believed stolen. It was stored pursuant to Section 41–1–116, "until the ownership of the vehicle is established to the satisfaction of the department" (the Motor Vehicle Division of the State Tax Commission). Section 41–1–117 authorizes, but does not require, the department to sell the vehicle if it is not recovered by the owner within 30 days. Sections 41–1–117 to 41–1–135, on which defendant relies, relate only to the manner

**1.** *Carroll v. State Road Commission*, 27 Utah 2d 384, 496 P.2d 888, 891 (1972).

**2.** *Id.*

or procedure of sale not to the purpose of the sale. In this case, the defendant never claimed taxes were owing, and, after the sale, towing, storage, and related costs were deducted from the sale price, but no taxes were deducted. Where the motorcycle was held as evidence in a criminal prosecution, immunity cannot be claimed on the basis of the tax exception to the general waiver of governmental immunity.

■ Defendant-Commission's third asserted basis for the District Court's granting of summary judgment is its claim that it fully complied with the procedures of Title 41 relating to the sale of the motorcycle in that it held the motorcycle for more than 30 days before sale. Defendant also claims to have used due care and good faith in selling the vehicle, despite the fact that plaintiff never received notice of the pending sale, and despite the presence of memoranda in the Motor Vehicles Division files indicating that the motorcycle was not to be sold, and that Officer Lightfoot was to be notified before its release. Further, plaintiff here did all he could reasonably be expected to do to "recover said vehicle" prior to its sale under Section 41–1–117, Officer Lightfoot, in an affidavit submitted by plaintiff in opposition to the motion for summary judgment, states that he contacted the Court, and Lynn Deveraux of the State Tax Commission, in an attempt to obtain the release of the motorcycle for plaintiff; and each time he was told that only John B. Anderson could authorize the release of the motorcycle. According to the notice purportedly mailed to plaintiff by the defendant, the claimant to a vehicle sought to be sold could register his claim to ownership by contacting this same Lynn Deveraux. The affidavits show that there was a dispute as to a material issue of fact, namely the negligence of the State in selling the vehicle, and we reverse the summary judgment and remand for a trial.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.