**Kim ALLRED and Helen Allred,
Plaintiffs and Respondents,**

v.

**Ernest B. SMITH and Marshall M. Fujita, and John Doe and Jane Doe, as individuals, partnerships, or corporations, Defendants and Appellants.**

No. 18539.

Supreme Court of Utah.

Nov. 8, 1983.

Douglas F. White, Tooele, for defendants and appellants.

J. Franklin Allred, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

From a judgment forfeiting a lease-hold, the defendants ask this Court to reverse, assigning as error these points on appeal: (1) the lease was not forfeited; (2) the court erred in finding abandonment of the busi-ness for which the lease was proposed; and (3) the court failed to credit offsets against the delinquency asserted.

The lease, dated June 1, 1979, was on an annual basis with four options to renew. The defendants made improvements not ob-ligatory under the lease and paid $150 for fire insurance premiums as required by the lease. By January 1981, the defendants were $1,500 delinquent in payments and were notified thereof. Defendants were given one month to pay the delinquency, failing which the lease would be forfeited. They paid only $500 and advised plaintiffs of a change in business conducted on the leased premises. (This was contrary to the terms of the lease but is of no consequence, since forfeiture was claimed under a delin-quency clause.) The plaintiffs locked the door after one month's notice.

About three days before the term had expired, the defendants purported to renew the lease, offering an undetermined amount of money, which was refused. Defendants also complained that the roof leaked, and that plaintiffs had breached a covenant of good condition under the lease.

The trial court concluded there was cause for forfeiture under the statute itself [1] and also because of a violation of the prompt payment requirement. The lease was held to have been terminated, and the $1,000 delinquent amount was awarded to plain-tiffs, less a $150 insurance premium offset.

A point made on appeal is that the statute allows five days after judgment to pay the delinquency and preserve the lease. Defendants contend that they were not af-forded such opportunity to cure the delin-quency in this case. The point is moot, however, since defendants made no effort to take advantage of the five-day grace period and continued to do nothing until after this suit was filed.

The defendants' second claim of error challenges the finding by the trial court that they had discontinued the use intended in the lease. The record clearly

---

1. U.C.A., 1953, § 78-36-10.

reflects such change of use. In any event, the basis of the decision was a forfeiture for breach of the covenant to pay rent.

█ Defendants also allege insufficiency in the setoff allowance, including the "last month" rent payment (a term of the lease) plus a $500 deposit for damage that might be caused, and an amount for required roof repairs. This point is without substance for lack of proof, or offer to prove, the items of payment. The assignment of error cannot be considered by this Court, since it has been raised for the first time on appeal.

The judgment is affirmed. Costs to plaintiffs.