This is an appeal from the denial of a petition for writ of habeas corpus wherein Charles Richie challenges his prison confinement in administrative segregation at the West Jefferson Correctional Facility in Bessemer, Alabama.
Richie alleges in his petition that on April 19, 1985, he was transferred from the St. Clair Correctional Facility to the West Jefferson Correctional Facility for "possible participation in a riot." He was placed in administrative segregation and no due process hearing was held either before or after his transfer. The record reflects that on May 3, 1985, the warden advised Richie by written notice that "the requirement that a disciplinary hearing be held within 72 normal working hours is hereby waived for an indefinite period pending completion of the investigation."
The State filed no response to the petition. Therefore, "the unrefuted facts set out by the petitioner must be taken as true." Ex parte Floyd, 457 So.2d 961, 962 (Ala. 1984). The petition was dismissed by the circuit court for "failing to allege any grounds upon which relief can be granted."
The general rule is that there is no per se due process liberty interest involved when a state prisoner is transferred from the general prison population to administrative segregation pending completion of investigation into misconduct charges. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864,74 L.Ed.2d 675 (1983). However, in Diamond v. Thompson,364 F. Supp. 659, 665 (M.D.Ala. 1973), affirmed, 523 F.2d 1201 (5th Cir. 1975), the United States District Court specifically held that in Alabama, "the requirements of due process apply generally to transfers from general population to administrative segregation." Moreover, "administrative segregation may not be used as a pretext for indefinite confinement of an inmate." Hewitt, 459 U.S. at 477, n. 9,103 S.Ct. at 874, n. 9. Richie's original petition is meritorious and should not have been summarily dismissed.
Richie has filed a "brief and amendment to support petition for writ of habeas corpus", which is actually an amendment to his original petition. This amendment shows that Richie was given a disciplinary hearing on May 20, 1985. However, there is nothing to show that these facts were presented to the circuit court. Additionally, Richie alleges that he was denied due process because of the manner in which the hearing was conducted.
This Court cannot become the original finder of fact. This Court is bound by the record and may not consider asserted facts which cannot be ascertained by the record. Edwards v.State, 287 Ala. 588, 591, 253 So.2d 513, 516 (1971); Gothard v. *Page 456 State, 452 So.2d 889, 893 (Ala.Cr.App. 1984), cert. stricken,Ex parte Gothard, 450 So.2d 479 (Ala. 1984).
Accordingly, the judgment of the circuit court dismissing the habeas corpus petition is reversed. This cause is remanded with directions that the State answer the allegations of the petition. The sufficiency of that answer, together with any supporting exhibits and affidavits it may contain, will determine the necessity of an evidentiary hearing.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.