PATTERSON, Judge.
Appellant, Danny Moulds, appeals from the denial of a petition for writ of habeas corpus wherein he challenges his confinement in administrative segregation at Holman Correctional Facility. Simultaneously with the filing of this petition, he moved to proceed in forma pauperis and filed an affidavit of poverty. The public defender of Escambia County was appointed to represent him. Subsequently, this court appointed different counsel to represent appellant on appeal, and his appellate counsel has filed a brief in his behalf. Appellant alleges in his petition that he was placed in administrative segregation on April 9,1986, and released seven days later. He further alleges that he was again placed in administrative segregation on April 16,1986, and, as far as the record discloses, he remains there. He avers that a disciplinary hearing was held on April 21, 1986, but he was never informed of the specific charges against him and, as a result, was unable to prepare a defense. He further avers that the evidence relied on to remove him from the general prison population and place him in administrative segregation was based solely upon hearsay. He argues that his confinement in administrative segregation is an unconstitutional infringement upon his liberty interest.
The trial court summarily dismissed the petition, stating that it was not properly verified; that it contained unintelligible, illegible, or vague matters; and that it consisted of unsupported conclusory statements. The trial court concluded that the allegations of the petition were insufficient to show a denial of due process.
The State filed no response to the petition and, therefore, the facts set out in the petition, being unrefuted, must be taken as true, if the petition is properly verified. Ex parte Floyd, 457 So.2d 961 (Ala. 1984); Richie v. State, 481 So.2d 454 (Ala. Cr.App.1985).
The trial court’s conclusion that the petition was not properly verified was based on the trial judge’s personal opinion that the signature of the notary public contained in the acknowledgement was the same handwriting as that of appellant. If appellant forged the signature of a notary public on his petition or signed a fictitious name as such, his petition would not be properly verified as required by § 15-21-4, Code of Alabama 1975, and would be subject to dismissal; however, since the State has filed no response, and this issue has not been tested in an adversarial proceeding, *386 we are not inclined to reach such a conclusion.
Due process procedures required under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), on behalf of prisoners, are triggered either by loss of good-time credits or by major changes in conditions of confinement, such as imposition of disciplinary segregation. Summer-ford v. State, 466 So.2d 182 (Ala.Cr.App. 1985).
“The general rule is that there is no per se due process liberty interest involved when a state prisoner is transferred from the general prison population to administrative segregation pending completion of investigation into misconduct charges. Hewitt v. Helms, 459 U.S. 460 [103 S.Ct. 864, 74 L.Ed.2d 675] ... (1983). However, in Diamond v. Thompson, 364 F.Supp. 659, 665 (M.D.Ala.1973), affirmed, 523 F.2d 1201 (5th Cir.1975), the United States District Court specifically held that in Alabama, ‘the requirements of due process apply generally to transfers from general population to administrative segregation. Moreover, administrative segregation may not be used as a pretext for indefinite confinement of an inmate.’ Hewitt, 459 U.S. at 477, n. 9 [103 S.Ct. at 874, n. 9],...”
Richie v. State, 481 So.2d 454, 455 (Ala.Cr. App.1985). To comport with due process, a state disciplinary board’s decision must not have been made arbitrarily or capriciously, but must be based upon substantial evidence. Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981). In order to determine whether or not the board’s decision was based upon substantial evidence, the trial court, as well as other reviewing courts, should have a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell, supra; Washington v. State, supra.
It appears from appellant’s petition that a disciplinary hearing was held, but the record does not show the action taken by the disciplinary board or the reasons therefore, if any. The illegible document attached to appellant’s petition and referred to by the trial court appears to involve a grievance proceeding and not a disciplinary hearing. In view of appellant’s unanswered allegations of lack of notice of the charges against him, and the lack of substantial evidence to support the disciplinary board’s action, we conclude that his petition for writ of habeas corpus is meritorious and should not have been summarily dismissed. The judgment of the trial court dismissing the habeas corpus petition is, therefore, reversed, and this case is remanded with directions that the State answer the allegations of the petition. After receiving that answer, the trial court shall determine the sufficiency thereof and the necessity of an evidentiary hearing.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.