PATTERSON, Presiding Judge.
The appellant, Truman S. Benjamin, appeals from the circuit court’s dismissal of his petition for writ of habeas corpus wherein he contested the validity of a 1991 disciplinary proceeding and of a resulting custody reclassification proceeding. In the disciplinary proceeding, Benjamin was charged with fighting with a weapon, but be was found guilty of disorderly conduct. As punishment, the hearing officer recommended loss of 30 days’ store and visitation privileges and referral to social service for a custody upgrade. Allegedly, Benjamin’s custody was consequently upgraded from medium “9” custody to administrative segregation, maximum security custody.
As grounds for his allegation that he was denied due process, Benjamin alleged in his petition the following: (1) while in investigatory detention, he was not released from the single cell or served with another de *735 tention notification, as the first detention notification stated would occur after 72 hours’ detention; (2) the disciplinary hearing was not held within 10 days from the date of the charge, as required by Alabama Department of Corrections Admin.Reg. 403; (3) 11 days after the charge, he was served with a reinitiated copy of the disciplinary report without being given a written reason why he had not been timely given a hearing and why the charge was being reinitiated, as required by Admin.Reg. 403; (4) he was not given a fair and impartial hearing, as demonstrated by the hearing officer’s statements, for example, that she was not going to let him off as easy as other officers had and that she had been advised by her shift supervisor to make sure that he was put in administrative segregation; (5) the testimony of Officer Pittman to the effect that he would have to adopt the report of Lieutenant Richburg, in effect, constituted hearsay testimony and violated his right to confrontation; (6) he did not testify to the comments attributed to him in the report; (7) he was not present for the entire proceedings because the hearing officer, after pronouncing him not guilty of the charged offense, continued the March 20 hearing with the stated intent of searching the regulations to find Benjamin guilty of another charge and he was not notified until April 1, when he was served with the hearing officer’s completed report, that he had been deemed guilty of disorderly conduct; (8) the disciplinary rests upon insufficient evidence; (9) the findings of fact are based on a false rendition of the evidence and are not specific, and the report fails to state why he was found not guilty of fighting with a weapon, but guilty of a reduced charge; (10) the findings pertaining to Officer Pittman’s testimony are not supported by Pittman’s testimony, as reflected by the report; (11) the hearing officer’s action is arbitrary and capricious; (12) he was served with notice of reclassification for fighting with a weapon on the same day (at 5:25 p.m.) as the disciplinary hearing (at 3:20 p.m.) and before the warden gave his approval March 26, six days later, for the suggested punishment for the disciplinary; (13) the reclassification hearing was held on March 26, before he knew the outcome of the disciplinary hearing (on April 1) and, thus, he could not prepare any defense; and (14) the evidence at the reclassification hearing was his guilt of fighting with a weapon, even though he was subsequently notified that he was not guilty of that charge.
In response to these allegations, the state filed an “Answer and Motion to Dismiss” wherein it generally denied each allegation and alleged that “[t]he disciplinary action imposed on [Benjamin] in this matter has not deprived [him] of any liberty interest and does not give rise to a constitutional claim.” To this answer, the state attached copies of the disciplinary and related documents and of incomplete documents pertaining to the reclassification hearing. The state claimed generally that these documents refute the petition’s allegations and show that Benjamin was afforded the full range of due process rights.
In summarily dismissing Benjamin’s petition on the state’s motion, the circuit court made no specific finding.
We consider that the record before us does not contain sufficient facts to uphold the circuit court’s ruling or to. even clearly determine on what basis the court dismissed Benjamin’s petition. Based upon the pleadings, especially the very general pleadings submitted by the state and attached documents that do not contradict all of the petition’s allegations, and upon the nonspecific order of the court, we cannot reconcile or distinguish the court’s ruling, if finding that no liberty interest was affected, with the following cases: Moulds v. State, 502 So.2d 384 (Ala.Cr.App.1986) (wherein the court appeared to consider that the due process procedures of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), apply to transfers from general population to administrative segregation); Richie v. State, 481 So.2d 454 (Ala.Cr.App.1985) (same); Fielding v. State, 409 So.2d 964 (Ala.Cr.App.1981) (wherein the court intimated that Wolff v. McDonnell requirements are applicable to a change in custody classification from *736 minimum to maximum). See generally Summerford v. State, 466 So.2d 182 (Ala.Cr.App.1985). Compare Hewitt v. Helms, 459 U.S. 460, 473, 103 S.Ct. 864, 872, 74 L.Ed.2d 675 (1983) (wherein the Court recognized that while the Fourteenth Amendment Due Process Clause does not create a protected liberty interest in being confined in general population, a state statutory framework may create one, and it set out procedures, which stop short of those of Wolff, for the transfer to more restrictive quarters for nonpunitive reasons where the inmate does have a liberty interest). See also F. Merritt and M. Mushlin, Rights of Prisoners § 8.02, p. 240 (1991 Suppl.) (wherein it is stated:
“In post-Hewitt cases, arguably the process due an inmate confined to segregation should turn not so much on whether the segregation is labelled disciplinary or administrative, but on its effect: if a statutorily created benefit such as good time will be lost or if the segregation will have a significant adverse effect on parole, then the stricter due process safeguards outlined in Wolff v. McDonnell ... should apply”).
Accordingly, this cause is remanded with directions that the state specifically answer the allegations of Benjamin’s petition and that, thereafter, the circuit court again consider Benjamin’s petition and issue specific findings. The court shall take all necessary action in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the release of this opinion if no evidentiary hearing is deemed necessary or within 90 days if a hearing is held.
REMANDED WITH DIRECTIONS.
All Judges concur.