FILED
United States Court of Appeals
Tenth Circuit

November 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAN HENRY TIJERINA, SR.,

      Plaintiff-Appellant,

v.

TOM PATTERSON; DEPARTMENT
OF CORRECTIONS MEDICAL
DEPARTMENT; CO-PAY
SERVICES; CLINICAL SERVICES
BUREAU; UTAH DEPARTMENT OF
CORRECTIONS,

      Defendants-Appellees.

No. 11-4037
(D.C. No. 2:10-CV-00529-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Dan Henry Tijerina, Sr., a prisoner proceeding pro se, appeals the dismissal

of his 42 U.S.C. § 1983 civil rights complaint for failure to comply with the

district court's order and failure to prosecute.  Because defendants concede that

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's dismissal contravened the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 276 (1988), we reverse and remand for further proceedings.

Mr. Tijerina filed his complaint in Utah state district court on March 12, 2010. The complaint alleged that he was an inmate at the Utah State Prison in Draper, Utah. It charged that the defendants, who are prison officials and entities, violated his state and federal constitutional rights by forcing him to pay medical co-payments from his prison account. Mr. Tijerina further alleged that the mandatory co-payments forced him to choose between medical care and hygiene items.

On June 7, 2010, the defendants removed the case to the United States District Court for the District of Utah. On June 29, 2010, they filed a motion to dismiss, arguing that their actions did not violate either the Utah or United States Constitutions. Mr. Tijerina filed a response to the motion to dismiss. The defendants replied with a two-page pleading in which they asserted that in his response, Mr. Tijerina had "not raised any factual or legal arguments that require a response[.]" R., Vol. I at 150.

On October 4, 2010, Mr. Tijerina filed two further documents: a letter to the district court and a motion to compel discovery. Nothing further happened in the case until five months later, when the district court entered an order dated

January 10, 2011, denying the motion to compel discovery and ordering

Mr. Tijerina to file a second response to the motion to dismiss within thirty days.

Thirty-two days later, on February 11, 2011, the district court signed a

Memorandum Decision and Dismissal Order dismissing Mr. Tijerina's complaint

"for failure to comply with the Court's order and failure to prosecute." *Id.* at 162.

The order noted that Mr. Tijerina had "not complied" with the court's previous

order requiring a second response, and that the district court had "not heard from

[him] since August 4, 2010, when he filed a letter and a motion to compel

discovery." *Id.* The dismissal order was entered on the district court's docket on

February 14, 2011.

Also entered on February 14 was Mr. Tijerina's second response to the

defendants' motion to dismiss, the very document whose absence resulted in the

dismissal of his complaint. Mr. Tijerina's response had actually been file-

stamped by the clerk three days earlier, on February 11, 2011, but it was not

entered on the docket until February 14. A clerk's judgment dismissing the

complaint for failure to prosecute was filed on February 14 and entered on the

docket on February 15.

The certificate of service accompanying Mr. Tijerina's second response

stated that he had "mailed a true and correct copy of the foregoing court ordered

motion to response to defendants motion to dismiss in the first class mail postage

prepaid to the following[.]" *Id.* at 172. He identified the Assistant Utah Attorney

-3-

General as the recipient.  Although the certificate of service did not specify a mailing date, it stated that the pleading was "respectfully submitted this 9th day of February, 2011[.]"  *Id.* (emphasis in original).

The district court did not enter any further orders concerning Mr. Tijerina's second response.  He has now timely appealed from the judgment dismissing his complaint.  "We review for an abuse of discretion an order dismissing an action for failure to prosecute."  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

In their brief, the defendants (appearing collectively as the Utah Department of Corrections, or "UDOC") "concede that Tijerina's response was timely filed under the 'prison mailbox rule,' and the case should not have been dismissed on procedural grounds."  Aplee. Br. at 3.  "The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 [(1988)], holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."  *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).  This court has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal.  *See id.* at 1164 (noting "the clear consensus among the circuits is that the mailbox rule also applies to inmate 42 U.S.C. § 1983 filings"); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989)

-4-

(per curiam) (applying the prison mailbox rule to objections to a magistrate judge's report).

If the prison has a legal mail system, the prisoner can establish the date on which he provided the papers to be filed with the court by presenting evidence showing the date on which he deposited the mailing into that system. *See Price*, 420 F.3d at 1165. Here, the certificate of service attached to Mr. Tijerina's second response to defendants' motion to dismiss did not recite that he placed the pleading in the prison legal mail on or before the deadline. *See* R., Vol. I at 172. Thus, his pleading, standing alone, failed to satisfy his burden under the prison mailbox rule.

To his opening brief in this court, however, Mr. Tijerina attached an unsigned log of "incoming and outgoing privileged correspondence," indicating that letters from him to the Utah Attorney General and the United States District Court were logged in the prison's legal mail system on February 10, 2011. Aplt. Opening Br., Att. 1. In view of this fact and the other facts and circumstances here (the fact that the district court received and file-stamped his pleading on February 11, 2011, two days after he claims he deposited it into the prison's legal mail system and a day after it was logged in, as well as UDOC's concession that the prison mailbox rule was satisfied), we conclude that Mr. Tijerina has made a sufficient showing that his response was timely filed. The district court therefore abused its discretion in dismissing the complaint for failure to prosecute and for

failure to comply with its previous order requiring Mr. Tijerina to file a response with thirty days.

The defendants urge us to affirm the order of dismissal on an alternative basis:  that the complaint fails to state a claim.  We decline their invitation. Currently, the district court has made no ruling concerning the adequacy of Mr. Tijerina's complaint or, if inadequate, whether it can be amended to state a claim.  These are matters best considered by the district court in the first instance.[1]

The judgment of the district court dismissing Mr. Tijerina's complaint is therefore REVERSED and the case is REMANDED for further proceedings in accordance with this order and judgment.  His motion to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]    Similarly, Mr. Tijerina's request for injunctive relief to compel the prison to provide him with additional writing paper, *see* Aplt. Br. at 24, is best addressed to the district court in the first instance.