**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAN HENRY TIJERINA, SR.,

      Plaintiff–Appellant,

v.

TOM PATTERSON; DEPARTMENT OF
CORRECTIONS MEDICAL
DEPARTMENT; CO-PAY SERVICES;
CLINICAL SERVICES BUREAU;
UTAH DEPARTMENT OF
CORRECTIONS,

      Defendants–Appellees.

No. 12-4033
(D.C. No. 2:10-CV-00529-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Dan Henry Tijerina, Sr., a Utah inmate proceeding pro se, appeals the district

court's dismissal of his civil rights complaint. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

In July 1995, defendant prison officials and entities began deducting from Tijerina's prison account co-payments for medical care pursuant to Utah Code § 64-13-30. Consistent with subsequent changes to § 64-13-30, the state prison system charges a co-pay of $5.00 for medical visits and a $2.00 dispensing fee for medications. Both § 64-13-30 and prison policy provide that an inmate may not be denied medical care due to a lack of funds.

In 2008, Tijerina filed grievances alleging that these medical co-pays were unconstitutional, all of which were denied. He then filed a complaint in Utah state court claiming that the deductions violated his due process and equal protection rights, the Eighth Amendment's prohibition on cruel and unusual punishment, and the Ex Post Facto Clause. Tijerina also claimed that the co-pays violated the unnecessary rigor clause of the Utah constitution. Defendants removed the matter to federal district court. The district court granted defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]

**II**

We review de novo the district court's dismissal of Tijerina's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Khalik v. United Air Lines,

---

[1] We previously reversed the district court's dismissal of Tijerina's complaint for his alleged failure to comply with a court order, and remanded the matter for further proceedings. See Tijerina v. Patterson, 446 F. App'x 961 (10th Cir. 2011) (unpublished).

671 F.3d 1188, 1190 (10th Cir. 2012).  To survive such a motion, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."  Id. (quotation omitted).  Because Tijerina is proceeding pro se, we construe his pleadings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Tijerina first claims that § 64-13-30 violates ex post facto principles because the conditions of his punishment have been aggravated post-conviction.  The "prohibition [on] ex post facto laws applies only to penal statutes which disadvantage the offender affected by them."  Collins v. Youngblood, 497 U.S. 37, 41 (1990).  The Clause prohibits laws that make a previously innocent act criminal, increase the punishment for a crime after its commission, or deprive a defendant of a defense that was available at the time a crime was committed.  Id. at 42.  The district court correctly found that the fees at issue are not attached to Tijerina's criminal conviction but instead are charged for medical services rendered.  Section 64-13-30 was not intended to punish, nor do its requirements transform the law into punishment.  Because the law "imposes no punishment, the Ex Post Facto Clause is not implicated."  Cutshall v. Sundquist, 193 F.3d 466, 477 (6th Cir. 1999).

Tijerina also argues that § 64-13-30 violates his Eighth Amendment rights because the state is required to provide adequate medical care to inmates.  A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  However, because

- 3 -

Tijerina has not alleged that prison officials denied him medical treatment, he cannot state a denial-of-care claim. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (stating prison officials may not condition the provision of needed medical services on an inmate's ability to pay). Nor does the requirement that an inmate with adequate resources pay a small cost for his healthcare constitute deliberate indifference. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997). Although a state must provide inmates with basic medical care, see Estelle, 429 U.S. at 103, we are not aware of any authority suggesting such care must be provided free of charge with respect to prisoners who have the ability to pay.

Tijerina next contends that § 64-13-30, which he likens to extortion, violates his Fourteenth Amendment right to due process. "To establish a procedural-due-process claim, a plaintiff needs to demonstrate not only the possession of a protected property interest but also a denial of an appropriate level of process." Reedy v. Werholtz, 660 F.3d 1270, 1275 (10th Cir. 2011). We have not determined whether an inmate has a property interest in funds held in a prison account, see, e.g., Clark v. Wilson, 625 F.3d 686, 691-92 (10th Cir. 2010), but we need not decide the question here. Even assuming that Tijerina has a protectable property interest, we agree with the district court that he failed to allege in his complaint that the process he received was inadequate. Further, post-deprivation remedies may satisfy due process under certain circumstances. Parratt v. Taylor, 451 U.S. 527, 538-39 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Because it would

- 4 -

be impractical for the prison to provide pre-deprivation proceedings to an inmate prior to the deduction of medical co-pays from his account, and because requiring such proceedings "for what are essentially ministerial matters would significantly increase transaction costs," Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000), we conclude that prison grievance procedures provide an adequate post-deprivation remedy. See Williams v. Morris, 697 F.2d 1349, 1351 (10th Cir. 1982).

Tijerina also advances an equal protection claim. He argues, in essence, that because he requires more medical care due to his age, he is being treated differently than younger inmates. We agree with the district court that because Tijerina did not allege that he is in a suspect or quasi-suspect class and the fee statute is "rationally related to a legitimate state interest," City of Cleburne v. Cleburne Living Cntr., Inc., 473 U.S. 432, 440 (1985), it does not violate Tijerina's right to equal protection. The state's interest in recouping the costs of incarceration is rationally related to the co-pay requirement. See Tillman, 221 F.3d at 423 (denying equal protection challenge to state prison fee system).

Finally, Tijerina appears to argue that the removal of his suit to federal court denied him a right of access to state court. The authority he cites for this proposition, which relates to exhaustion of state remedies in 28 U.S.C. § 2254 proceedings, is not relevant to this § 1983 action. To the extent he argues there was a procedural defect in removal to federal court, we note Tijerina failed to move to remand. See

28 U.S.C. § 1447(c) (requiring a motion to remand on the basis of procedural defect to be made within thirty days after the filing of the notice of removal).[2]

### III

The judgment of the district court is **AFFIRMED**.  This court has assessed partial payments of the appellate filing fee.  Tijerina's motion to proceed on appeal without prepayment of costs or fees is granted.  We remind Tijerina that he must continue making payments until the full balance of the appellate filing fee in this matter is paid.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] Tijerina fails to address the district court's dismissal of his state constitutional claim under the unnecessary rigor clause in his opening brief, and he has thus waived appellate review of that claim.  See Utah Envtl. Cong. v. Bosworth, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); see also Reedy, 660 F.3d at 1274 (noting that arguments raised for the first time in a reply brief are generally waived).